**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melanie June Puckett,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-24-03249-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).
> 
> …
> As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015).  The Court of Appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account,

1 she would have had to dedicate the entirety of two-months' worth of her remaining funds,
2 meaning that she would have to forego eating during those sixty days, to save up to pay the
3 filing fee." *Id*. at 1235.
4       Here, Plaintiff indicates that she and her spouse together receive $5,231 per month.
5 (Doc. 2). Plaintiff lists monthly expenses of $5,230 for herself and her spouse combined.
6 (*Id.*). In her narrative comments, Plaintiff indicates that she is behind every month and that
7 her father gives them money. (*Id.*). Although it is a close call considering that Plaintiff and
8 her spouse receive almost $63,000 per year in income,[1] the Court will grant in forma
9 pauperis status having considered their liabilities.
10       Therefore,
11       **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2)
12 is granted.
13       Dated this 22nd day of November, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] The Ninth Circuit Court of Appeals has held that whether spousal income may be considering in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).